### NATIONAL LABOR RELATIONS BOARD
v.
### AKIN PRODUCTS CO.
No. 14544.

United States Court of Appeals Fifth Circuit.

Dec. 22, 1953.

A. Norman Somers, Asst. Gen., N.L.R.B., David P. Findling, Assoc. Gen. Counsel, Washington, D. C., Maurice Alexandre, Atty. Gen., George J. Bott, General Counsel, Frederick U. Reel, Attorneys, National Labor Relations Board, Washington, D. C., for petitioner.

Scott Toothaker, Ewers, Cox & Toothaker, McAllen, Tex., of counsel, for respondent.

Before HUTCHESON, Chief Judge, and BORAH and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

Respondent, a Texas corporation, is engaged at and near Mission, Hidalgo County, Texas, in the buying, processing and canning of vegetables which are grown in the lower Rio Grande Valley in Texas.

Finding it guilty of discouraging membership in Citrus, Cannery and Food

Processors Union No. 24473, A. F. of L., in violation of Sec. 8(a) (1) and (3) of the National Labor Relations Act, 29 U.S.C.A. § 158(a) (1, 3), the board issued its order requiring respondent to cease and desist from these violations and to take affirmative remedial action with respect to the employees found to have been discriminated against.[1]

Respondent, pressing here the several motions and objections which it pressed below and insisting that, on the merits, the board's order is without support in the evidence, resists enforcement.

██ A careful consideration of the record and the findings of examiner and board in the light of the arguments and briefs, convinces us that the motions and exceptions were and are without merit, and that the findings of examiner and board, that respondent has actively sought to discourage, and has discouraged, membership in the union, are sustained by overwhelming, evidence. We are also of the same opinion as to the discriminatory discharges and refusals to employ on which examiner and board are in agreement. But for the fact, therefore, that, as to many of the employees claimed to have been discriminated against, the examiner found that the board did not sustain its burden to make out its case, while the board found as to all of them except Alvardo and Farias that it did, we should, without further comment, direct enforcement of its order.

The respondent insists that, in finding as he did, the examiner, paying not lip service but full fealty to the rule established by statute and decision, that the board has, and must sustain, the burden of proving the charges made in its complaint, has correctly interpreted the record. So insisting, it urges upon us that, since he saw the witnesses and their demeanor on the stand and was able to judge of their credibility and truthfulness, his findings should be accepted rather than those of the board.

The board, on its part, in its decision and in its brief insisting: that there is no question here of conflict in the evidence and its resolution by credibility tests; that indeed the examiner's findings of fact are in substance the same as its own; urges upon us that what is for decision here is merely whether the examiner has applied a correct rule of law so that no question of superior opportunity to determine the truthfulness and credibility of the witnesses is presented.

██ In addition, correctly pointing out that, under the statute and the applicable decisions,[2] it is the board's findings and not those of the examiner which we are to review, the board insists that, while in such review we may and do consider the examiner's findings, the board's findings, though contrary to his, must be sustained if supported by the evidence considered on the record as a whole.

So reviewing the findings and recommendations of examiner and board, we are of the opinion that the findings and recommendations of the board meet the test as to all the employees where examiner and board differ, and must be sustained.

A careful reading and study of the exhaustive, painstaking and conscientious report of the examiner convinces us that his failure to find as the board does in respect of the discrimination charges, is due to a realizing sense of the reality and importance of the burden placed upon the board to establish its case. We think, though, that in many of the cases he has metaphorically leaned backward to be sure that his findings will in each case be based not upon surmise and suspicion or merely upon the finding of background antipathy, but upon sufficient and convincing evidence. In

1. 99 N.L.R.B. 1270.

2. Cf. Universal Camera Co. v. N.L.R.B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456.

a spirit and in a manner which is as unusual as it is refreshing, the examiner has painstakingly and laboriously sought to place his findings on a basis which will assure, in the language of the statute, that "no order of the Board shall require the reinstatement of any individual as an employee who has been suspended or discharged, or the payment to him of any back pay, if such individual was suspended or discharged for cause." 29 U.S.C.A. § 160(c).

In the same commendable spirit and manner and with a complete absence of leaning toward or partiality for either side, he has tried to hold the board to the requirements of the law that it is for the board to make out its case by a preponderance of the credible evidence.

■ Notwithstanding our feeling that this is so, we are in complete agreement with the board that the final obligation to determine the facts as to the matters at issue here rests with it, and we also agree with it that in all cases where examiner and board differ, if the board's findings are supported by evidence on the record considered as a whole they should be sustained by us.

This is not to say that, if we were hearing *de novo* these matters on which examiner and board disagree, we would decide all of them either as the examiner or as the board did. It is to say, though, that we are of the opinion that, in respect of the greatly fluid and changing employee situation in a seasonal business having few regular and many temporary employees with a large and frequent turnover, the record shows a notable attitude and effort on the part of the examiner to avoid the mistake too often made in these cases, of finding anti-union prejudice and then allowing to this finding undue dominance in assessing the reality of the reasons given for discharging or not employing workers. We are nevertheless of the opinion that the board's findings are supported by the record taken as a whole, and that its order should be enforced as written.

Enforced.